UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Leslie Neblett

    v.                                                                         Civil No. 14-cv-291-JL

Cherina Nos and Rite Aid Pharmacy


**REPORT AND RECOMMENDATION**

Pro se plaintiff Leslie Neblett, proceeding in forma pauperis, has filed a Complaint (doc. no. 1). The matter is before the Court for preliminary review, pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2).

**PRELIMINARY REVIEW STANDARD**

This Court may dismiss claims asserted in pleadings filed by parties proceeding in forma pauperis, if they have failed to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). In determining whether a pro se pleading states a claim, the Court construes the pleading liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Disregarding legal conclusions, the Court considers whether the factual content in the pleading and inferences reasonably drawn therefrom, taken as true, state a plausible claim to relief. Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013).

**BACKGROUND**

Neblett has alleged that Cherina Nos, a Rite Aid Pharmacy employee, in February 2014, disclosed Neblett's personal and prescription information over the phone to halfway house staff member Matthew LaFrancois, without first obtaining Neblett's permission and without inquiring as to LaFrancois's identity. Nos's disclosures resulted in LaFrancois's preparation of an incident report, see Doc. No. 1, at 5, which led to the revocation of Neblett's supervised release, see United States v. Neblett, No. 1:10-cr-0102-JD-1 (D.N.H. May 12, 2014), Doc. No. 104.

Neblett cites 42 U.S.C. § 1983 as providing a cause of action for his claims. He asserts that defendants breached a duty of confidentiality owed to him, and that they violated his rights under the Health Insurance Portability and Accountability Act ("HIPAA").

**DISCUSSION**

**I.  Section 1983**

Plaintiff seeks to hold private parties liable under section 1983, for violating his right to privacy. A private party can be deemed liable under 42 U.S.C. § 1983

only under limited circumstances, none of which are applicable here.  See generally Estades-Negroni v. CPC Hosp. San Juan Capestrano, 412 F.3d 1, 5 (1st Cir. 2005). Accordingly, the § 1983 claims should be dismissed.

## II. HIPAA

Plaintiff alleges that defendants violated his rights under HIPAA.  There is no private right of action for damages under HIPAA.  See Miller v. Nichols, 586 F.3d 53, 59-60 (1st Cir. 2009).  Accordingly, the HIPAA claims should be dismissed.

## CONCLUSION

For the foregoing reasons, Neblett's Complaint (doc. no. 1) should be dismissed in its entirety.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not

preserved by such objection are precluded on appeal).

                                                _/s/ Andrea K. Johnstone_
                                                Andrea K. Johnstone
                                                United States Magistrate Judge

August 14, 2014

cc: Leslie Neblett, pro se